**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Newport News Division

**EDWARD C. LEGGETT,**
       Petitioner,

v.                                                         Civil Action No. 4:06cv111
                                                                Criminal Action No. 4:03cr138

**UNITED STATES OF AMERICA,**
       Respondent.

**ORDER AND OPINION**

Currently before the court is Edward C. Leggett's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code, Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that he received ineffective assistance of counsel. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, Leggett's petition is **DENIED**.

**I. Factual Background**

The petitioner was charged in a two-count superseding indictment returned on February 5, 2004. The first count charged the petitioner with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and the second count charged the petitioner with possession with intent to distribute more than five grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). At his arraignment, the petitioner pleaded not guilty. On April 15, 2004, the court permitted the government to

amend the indictment prior to trial, and the government filed five stipulations in open court. On April 16, 2004, after a jury trial, the petitioner was found guilty of both counts.

On August 16, 2004, the petitioner appeared for sentencing. The court applied the then-mandatory sentencing guidelines and sentenced the petitioner to terms of imprisonment of 120 months on Count One and 165 months on Count Two, to run concurrently. On August 20, 2004, the petitioner filed notice of appeal. On May 9, 2005, the Fourth Circuit affirmed the petitioner's convictions, but vacated and remanded the case for resentencing, in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). On July 25, 2005, this court imposed the same sentences on the petitioner. On August 3, 2005, the petitioner filed notice of appeal. On April 12, 2006, the Fourth Circuit affirmed the petitioner's sentence.

## II. Procedural History

On August 25, 2006, the petitioner filed the instant motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his petition, he alleges that he received ineffective assistance of counsel on four separate grounds: (1) that his court-appointed attorney, Larry Dash, failed to file a motion to suppress the fruits of a search of the petitioner's person on November 17, 2003; (2) that his attorney failed to file a motion under Rule 14 of the Federal Rules of Criminal Procedure to have separate trials on Counts One and Two; (3) that his attorney failed to object to improper comments made by the government during trial; and (4) that his attorney failed to properly advise him regarding a guilty plea. The petitioner attached an affidavit of himself, in which he provided further support for his claims.

This court ordered the United States to respond to the petition on September 21, 2006. The United States filed its response on November 20, 2006, wherein it urged the court to deny

the petitioner's request for relief. The petitioner did not file a reply brief, and the time to file such a brief has since passed.

**III. Standard of Review**

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A collateral attack under § 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. A collateral challenge is not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165 (1981). There are two instances, however, when a procedurally defaulted claim may be considered on collateral review. The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Alternatively, if a petitioner can demonstrate that he is

actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. See Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of ineffective assistance of counsel may, however, be properly brought on a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court's standard for assessing ineffective assistance of counsel claims is "highly deferential." Id. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). There are two prongs to the Strickland test: performance and prejudice. To establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice. Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the

petitioner. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of his trial would have been different in the absence of his counsel's alleged errors.

## IV. Analysis

### A. Motion to Suppress

The petitioner's first claim of ineffective assistance of counsel is that his attorney, Mr. Dash, failed to file a motion to suppress evidence that was obtained after a search of his person on November 17, 2003. Specifically, the petitioner claims that the search, conducted by police officers, went beyond a valid Terry stop. The government responds that the search was constitutionally valid, and therefore Mr. Dash's performance was not below an objective standard of reasonableness.

The Supreme Court first held in Terry v. Ohio, 392 U.S. 1 (1968), that a police officer who has a reasonable suspicion that an individual is armed and criminal activity may be afoot is entitled to detain the individual, make reasonable inquiries, and, if his suspicions are not dispelled, conduct a pat-down search of the suspect's outer clothing. Id. at 30-31. The Court has also clearly held that "once a motor vehicle has been lawfully detained for a traffic violation, the police may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." Ohio v. Robinette, 519 U.S. 33, 28-29 (1996). This rule has also been extended to passengers of a vehicle. See Maryland v. Wilson, 519 U.S. 408 (1997). Where the police have a reasonable suspicion that a passenger is armed or is engaging in criminal activity, they may conduct a Terry frisk and may pat down the suspect. United States v. Sakyi, 160 F.3d 164, 168-69 (4th Cir. 1998). And, when there is a "reasonable

suspicion that drugs are present in a vehicle . . . it is reasonable to conclude that all occupants are suspect." Id. at 169.

In this case, the police initiated a traffic stop in an area well-known for drugs, based on the violation of picking a person up in the middle of the road, a behavior known to the police as consistent with drug sales. The police discovered that the driver of the vehicle had drug paraphernalia, and the petitioner gave vague answers regarding his association with the driver. When one of the officers asked the petitioner for permission to search him, the petitioner, a passenger, consented to the search and stepped out of the vehicle when the officer opened the door. Therefore, it appears that the petitioner consented to the search. Even had he not consented, however, it is clear that a Terry search was permissible given the circumstances. The petitioner, however, asserts that he never consented to a search of his pockets, socks and shoes. However, the basis of Terry is that an officer, with reasonable suspicion, may frisk a suspect to search for weapons. Because a weapon may be hidden in a shoe or sock, an officer is entitled to search a suspect's shoes and socks during a valid Terry stop. See United States v. Swann, 149 F.3d 271 (4th Cir. 1998).

As the police officer patted the petitioner's socks, he felt what he believed to be large rocks of crack cocaine. As the Supreme Court has made clear, the "plain feel doctrine" permits an officer to seize evidence that he has touched while in a place in which he has the legal right to be. See Minnesota v. Dickerson, 508 U.S. 366, 373-75 (1993). See also United States v. Raymond, 152 F.3d 309, 313 (4th Cir. 1998) ("Once [the officer] felt the whole package, he immediately knew it was not a gun, but rather, crack cocaine . . . . Therefore, under . . . Dickerson, the trooper's Terry patdown did not constitute an unreasonable search."). In the

instant case, after the officer felt the crack cocaine in the petitioner's sock, the petitioner took off running. The police later recovered the crack cocaine abandoned in a wooded area. Given this evidence, it is clear to the court that the search did not go outside the bounds of Terry. Therefore, the petitioner has failed to demonstrate that the performance of Mr. Dash fell below an objectively reasonable standard.

Even further, the government has provided the court with the sworn affidavit of Mr. Dash, in which he attests that, although he does not remember whether the petitioner told him that the police overstepped their bounds during the search, such an allegation would not have changed his belief that there was no legal basis to support a motion to suppress. The petitioner has failed to establish that, had Mr. Dash filed the requested motion, the result of the trial would have been any different. Therefore, the petitioner's claim of ineffective assistance of counsel with respect to the motion to suppress is denied.

**B. Rule 14 Motion**

The petitioner next alleges that Mr. Dash was ineffective in failing to file a motion under Rule 14 of the Federal Rules of Criminal Procedure to have separate trials on the two counts of the indictment. In pertinent part, Rule 14 provides that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." In this case, the petitioner was charged in the same indictment of one count of possession of a firearm after having been convicted of a felony and one count of possession with intent to distribute crack cocaine. FED. R. CRIM. P. 8(a) permits a defendant to be charged with multiple counts in an indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with

or constitute parts of a common scheme or plan." The government has argued that the gun charge and drug charge are related, in that they both involved the petitioner's "on-going drug business." (Response of United States at 9). Mr. Dash's affidavit indicates that he did not believe a Rule 14 motion would be successful in light of existing Fourth Circuit precedent, as the two incidents had a logical relationship to one another. The government cites United States v. Rhodes, 32 F.3d 867, 868 (4th Cir. 1994) for the proposition that a firearms offense need not be directly related to a drug offense in order to be validly tried together.

Even assuming, arguendo, that his attorney's performance fell below acceptable standards, the petitioner has not alleged, and cannot demonstrate, that he suffered any prejudice from the fact that the two counts were tried together. Therefore, he cannot demonstrate ineffective assistance of counsel, and this portion of his petition must be denied.

C. Improper Comments by Government

The third assertion made by the petitioner is that his attorney was ineffective in failing to object to comments made by the government attorney at trial, in which she allegedly gave her personal opinion as to the petitioner's guilt, the facts of the case, and the credibility of the police. The petitioner makes only this broad allegation, and cites no specific example of objectionable comments made by the government's attorney, Ms. Lisa McKeel. Mr. Dash has indicated that he reviewed the transcripts of both the government's opening and closing statements, and has failed to find anything objectionable on the record. Further, the court specifically instructed the jury that the arguments of both attorneys were not evidence. Because the petitioner has failed to indicate which remarks, if any, were objectionable, he cannot meet the first prong of the Strickland standard. Further, he has not alleged and cannot prove any prejudice from the

perceived deficient performance. Therefore, the petitioner cannot satisfy the second prong of Strickland. Thus, his claim of ineffective assistance of counsel with respect to inappropriate comments by the government is denied.

**D. Advice Regarding Guilty Plea**

The petitioner's final claim is that his attorney provided ineffective assistance by failing to properly advise him of the elements of Count One and that he should plead guilty as to Count One. Specifically, the petitioner indicates that, had he been properly advised of these things by Mr. Dash, he would have pled guilty, because the evidence against him was overwhelming. Mr. Dash has asserted that, contrary to the petitioner's claims, he discussed a guilty plea with the petitioner at least three times before trial: on March 25, 2004, April 6, 2004, and April 15, 2004. Further, the government has provided the court with a notice signed by the petitioner that indicates that, although Mr. Dash had advised him to plead guilty, the petitioner had decided to persist in a not guilty plea. The government has noted that the petitioner stipulated to two of the three elements of Count One at trial, and thus the government was only put to its evidence on the single element of whether the petitioner knowingly possessed a firearm. The petitioner's claim, then, that Mr. Dash did not properly advise him of the elements of the offense is belied by his stipulations at trial. His claim that Mr. Dash insisted he proceed with a not guilty plea is directly contradicted by the petitioner's signed statement indicating his own insistence on proceeding to trial. Therefore, the petitioner has failed to demonstrate that his attorney's performance was ineffective, and this claim is denied.

**V. Conclusion**

For the reasons stated on the record, and for those discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to his counsel, and to the United States Attorney, Eastern District of Virginia.

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

                                                              /s/
                                        Jerome B. Friedman
                              UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 8, 2007